**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ERNEST LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 10-3044 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

The Court now considers Petitioner's "Pro Se Motion Under the Provisions of Rule 60(b)(4); (b)(6) Of the Federal Rules of Civil Procedure. See d/e 23 (the Motion). For the reasons that the follow, the Motion is DISMISSED FOR LACK OF JURISDICTION.

## FACTS

On February, 23, 2009, Petitioner pled guilty to a methamphetamine charge under 21 U.S.C. § 841(c)(1). He was convicted and sentenced to 168 months in prison.

On February 19, 2010, Petitioner filed a collateral attack on his conviction pursuant to 28 U.S.C. § 2255. Among the grounds set forth in the § 2255 petition was a claim of ineffective assistance of trial counsel.

The Court examined Petitioner's § 2255 petition and found no grounds for relief.

1

Furthermore, the Court declined to issue a certificate of appealability because no reasonable jurist could find that Petitioner suffered a constitutional violation requiring relief. The Court, therefore, issued a Judgment against Petitioner on October 19, 2010.

Petitioner appealed the Judgment on October 26, 2010. On May 23, 2011, the Seventh Circuit Court of Appeals affirmed this Court's refusal to issue a certificate of appealability. The Appellate Court stated that Petitioner's case presented "no substantial showing of a violation of a constitutional right." See Lewis v. United States, No. 10-3058 (7th Cir. (May 23, 2011)).

On June 22, 2011, Petitioner filed the instant Motion. Like Petitioner's prior § 2255 petition, the Motion seeks relief for ineffective assistance of counsel. The Government timely responded to the Motion. The matter is now ripe for the Court to rule.

**ANALYSIS**

Petitioner styles his Motion as one for relief under Rule 60(b)(4) and (6). Rule 60(b)(4) allows a party to obtain relief from a void judgment and Rule 60(b)(6) allows relief based on "any other" justifiable reason. See Fed.R.Civ.P. 60(b)(4) and (6), respectively. However, because the Motion alleges Petitioner's constitutional right to counsel was violated, the Motion is substantively a § 2255 petition. See id. (allowing federal prisoners to seek relief by asking a sentencing court to vacate, set aside or

correct a constitutionally inform sentence); see also, United States v. Carraway, 478 F.3d 845, 47 (7th Cir. 2007) (a petition's title is "immaterial; it is the substance of a petitioner's motion that controls how his request for relief will be treated").

Since Petitioner filed a § 2255 petition on February 19, 2010, the instant Motion is his second habeas corpus petition. Section 2255(h)(1) provides that a "second or successive motion must be certified as provided by Section 2244 by a panel of the appropriate court of appeals . . . ."

Petitioner has not satisfied § 2255(h)(1)'s procedural requirement of Seventh Circuit certification. Accordingly, the Court lacks jurisdiction over Petitioner's Motion.

**CONCLUSION**

Petitioner's "Pro Se Motion Under the Provisions of Rule 60(b)(4); (b)(6) Of the Federal Rules of Civil Procedure (d/e 23) is DISMISSED FOR LACK OF JURISDICTION.

ENTERED this __20th___ day of July, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE